IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                                                                       No. 1:16-cr-10049-JDB-1

DENNIS BRIGHT,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION IN SENTENCE UNDER
18 U.S.C. § 3582(c)(1)(A)(i)
_____

        In an order entered July 27, 2021 (Docket Entry ("D.E.") 48), the Court denied the June 16, 2021, pro se motion of the Defendant, Dennis Bright, for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 43) on the grounds that he had failed to exhaust his administrative remedies. He filed a notice of appeal from this decision on August 20, 2021. (D.E. 49.) On October 18, 2021, while the matter was before the Sixth Circuit Court of Appeals, Defendant filed a second request for such relief. (D.E. 56.) The Court denied the motion on December 7, 2021, holding that jurisdiction at that time lay with the appellate court. (D.E. 57.)

        On January 25, 2022, the Sixth Circuit vacated the July 2021 denial order, finding that Bright had prepared a reply to the Government's response to his initial compassionate release motion, to which was attached a March 12, 2021, letter the inmate had submitted to prison authorities requesting compassionate release. (D.E. 58.) The reply bore a certificate of service date of July 16, 2021, and a postmark of July 20, 2021. The filing, however, was not entered on the Court's docket until August 27, 2021 (D.E. 51), well after entry of the July 2021 order and the notice of appeal. The Sixth Circuit concluded that, if the reply and accompanying March 12, 2021,

letter had been before the Court at the time of the July 2021 decision, the outcome of the exhaustion issue might have been different, and the Court might have proceeded to the merits.  Accordingly, the case was remanded for further proceedings.

As the undersigned noted in the July 2021 order, Bright was serving a ninety-seven-month sentence imposed in 2017 for possession with intent to distribute more than fifty grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1).  Currently incarcerated at the Federal Correctional Institution Forrest City Medium in Forrest City, Arkansas, he has a projected release date of March 23, 2023.  https://www.bop.gov/inmateloc/ (last visited June 7, 2022).

"Sentence modifications are the exception, not the rule[,] . . . because a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 824 (2010)) (brackets and internal quotation marks omitted), *cert. denied*, 2022 WL 1738770 (May 31, 2022).  One such exception resides in § 3582(c)(1)(A)(i), known as the "compassionate release" statute, *id.*, which provides in pertinent part that

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[,]

18 U.S.C. § 3582(c)(1)(A)(i).

Assuming the statute's exhaustion requirement was satisfied pursuant to the March 2021 letter attached to Defendant's reply, he must, to succeed on a § 3582(c)(1)(A)(i) motion, "show that extraordinary and compelling reasons warrant such a reduction" in sentence, and the district

court must consider the factors under 18 U.S.C. § 3553(a) "to the extent they are applicable." *See United States v. Bass*, 17 F.4th 629, 635-36 (6th Cir. 2021) (internal quotation marks omitted). A defendant's motion must be denied if he "fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022).

The extraordinary and compelling reason proffered by the Defendant is the health of his ninety-one-year-old grandmother, Mary Bright. According to a letter appended to the inmate's motion from Rodney Scott Whitby, M.D., an internist in Paris, Tennessee, Ms. Bright suffers from hypertension, GERD, mixed hyperlipidemia, coronary atherosclerosis, atrial fibrillation, chronic kidney disease stage 3, and foot pain. (D.E. 43 at PageID 134.) Dr. Whitby further stated therein that Ms. Bright requested the letter "so she can have a caregiver in her home." (*Id.*) Defendant maintains in his motion that he is the only available caregiver to assist his grandmother with her daily living.

The Sixth Circuit has counseled that, although § 3582 does not define "extraordinary and compelling," the "words still have their 'ordinary meaning at the time Congress enacted the statute.'" *Hunter*, 12 F.4th at 562 (citing *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 539 (2019)). When the compassionate release statute was enacted in 1984, "extraordinary" "was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *Id.* "'Compelling' meant 'forcing, impelling, driving.'" *Id.* It is the defendant who bears the burden of establishing that extraordinary and compelling reasons exist for release. *United States v. Watson*, ___ F. Supp. 3d ___, 2022 WL 847289, at *1 (S.D. Ohio Mar. 22, 2022).

The application notes accompanying § 1B1.13 of the United States Sentencing Guidelines provide that extraordinary and compelling reasons exist due to family circumstances upon the

3

death or incapacitation of a defendant's minor child's caregiver or the incapacitation of a defendant's spouse or partner if he would be the only available caregiver. U.S.S.G. § 1B1.13, Application Note 1(C). Even though § 1B1.13 is not binding upon a court considering a compassionate release motion, it may provide "helpful guidance." *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 780 (2022). Bright's family situation falls into neither of these categories.

Having an elderly or ill relative in need of care, which is commonplace, does not normally amount to an extraordinary and compelling reason for release. *See United States v. Brewer*, Case No. 11-20537, 2022 WL 1125797, at *2 (E.D. Mich. Apr. 15, 2022) ("In general, having a sick or aging parent is not an extraordinary circumstance to release a prisoner."); *United States v. Daniels*, No. 3:19-cr-00204, 2022 WL 164543, at *4 (M.D. Tenn. Jan. 18, 2022) ("[M]any, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary."); *United States v. Hill*, Case No. 1:20CR0425, 2022 WL 122639, at *2 (N.D. Ohio Jan. 13, 2022) (an inmate's desire to care for elderly parents or grandparents is not "extraordinary" for compassionate release purposes). Further, the inability to care for one's family as one would like is an inevitable, and again commonplace, consequence of criminal behavior and the incarceration that often results.

The evidence before the Court demonstrates only one thing: Defendant's grandmother has health conditions. But "the fact that a defendant's [grandparent] merely has a health condition does not mean that the defendant should be released to assist that [grandparent]." *Brewer*, 2022 WL 1125797, at *3 (quoting *United States v. Farnsworth*, No. 15-20095, 2021 WL 5564773, at *1 (E.D. Mich. Nov. 29, 2021)) (brackets omitted). And "[n]ot every health condition of a defendant's [grandparent] creates an 'extraordinary' need for the defendant to be released to care

for the [grandparent], because not every condition requires around the clock assistance to perform daily activities." *Id.* (quoting *Farnsworth*, 2021 WL 5564773, at *1).

While Ms. Bright clearly has health issues, no evidence has been presented that she is unable to care for herself. Indeed, her physician did not state in his letter that she *required* someone to care for her. Nor has proof been submitted to the Court to support Defendant's claim that he is the only person who can provide whatever care his grandmother needs. According to the Government, Defendant's father (and presumably Ms. Bright's son), Tommy Bright, was alive at the time of sentencing and the presentence report also indicated that Defendant had a sister. Under such circumstances, extraordinary and compelling reasons for release have not been demonstrated. *See United States v. Gilbert*, Case No. 16-20414, 2021 WL 5085846, at **3-4 (E.D. Mich. Nov. 2, 2021) (citing cases).

The motion is DENIED.

IT IS SO ORDERED this 7th day of June 2022.

                                                   s/ J. DANIEL BREEN
                                                   UNITED STATES DISTRICT JUDGE